CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 01 2010

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KENNETH EDWARD BARBOUR, | ) | Civil Action No. 7:10-cv-00041 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| COUNSELOR ROSE, et al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Kenneth Barbour, a Virginia inmate proceeding pro se, filed[1] a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff did not submit payment for the $350 filing fee with his complaint. See 28 U.S.C. § 1914(a). Plaintiff had at least three non-habeas civil complaints or appeals previously dismissed as frivolous or for failing to state a claim upon which relief may be granted. See, e.g., Barbour v Virginia Department of Corrections, et al., 7:09-cv-00091 (W.D. Va. 2009); Barbour v. Virginia Department of Corrections, 7:09-cv-00083 (W.D. Va. 2009); Barbour v. Stanford, et al., 7:09-cv-00077 (W.D. Va. 2009).

In accordance with the three-strikes provision of 28 U.S.C. § 1915(g), the court previously advised plaintiff that he needed to submit the $350.00 filing fee or establish an imminent threat of serious physical harm to proceed with a civil suit. See, e.g., Barbour v. Keeffee Commissaries at VDOC's, No.7:09-cv-00154 (W.D. Va. May 12, 2009). After reviewing plaintiff's submissions in this civil action, it is clear that plaintiff does not allege any facts indicating that he is currently under any imminent threat of any serious physical injury within the meaning of 28 U.S.C. § 1915(g). Based on the foregoing and the complaint, the court

---

[1] Plaintiff mailed the complaint to the court's chambers. Plaintiff is advised that his filings should be mailed to the Clerk of the Court at P.O. Box 1234 Roanoke, VA 24006 for prompt docketing.

finds that plaintiff has failed to demonstrate any imminent danger of serious physical harm in the complaint and plaintiff has not paid the $350.00 filing fee despite being previously advised of having three strikes. See 28 U.S.C. § 1914(a). Accordingly, the court denies his motion for leave to proceed in forma pauperis and dismisses the complaint without prejudice for failure to pay the filing fee at the time of filing the complaint.[2] See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in foma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after denying leave to proceed in forma pauperis).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This ___ day of February, 2010.

Senior United States District Judge

---

[2] Plaintiff is advised that his submissions must be legible, written on one side of the paper only, with at least one-inch of clear space on all sides of the page. In any document plaintiff submits to the court, pursuant to Standing Order dated November 1, 2004, plaintiff must omit, black out, or abbreviate personal data identifiers as follows: social security numbers (use only the last four digits), names of minor children (use initials), dates of birth (list only the birth year), financial account numbers (list only the last four digits), and home addresses (list only city and state). Plaintiff is further advised that he waives his own privacy protections when he files his personal information without redaction. Fed. R. Civ. P. 5.2(h). Plaintiff is solely responsible for redacting his submissions to the court.